IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Amber P.,<br><br>Plaintiff,<br>v.<br><br>Frank Bisignano, Commissioner of Social Security Administration,<br><br>Defendant. | Civil Action No. 2:25-cv-12646-JD-MGB<br><br>**ORDER** |

This Social Security matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (DE 18.) Plaintiff Amber P.[1] ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). The Report recommends that the Commissioner's decision be affirmed. (DE 18 at 13.) The time for filing objections has expired, and no objections have been filed.

**A. Background**

Plaintiff protectively filed an application for DIB on July 20, 2022, alleging disability beginning July 31, 2019. (R. 19.) Her insured status expired on June 30, 2022. (*Id.*) After the claim was denied initially and on reconsideration, an

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in Social Security cases, federal courts refer to claimants only by their first names and last initials.

Administrative Law Judge ("ALJ") held a hearing on January 8, 2025. (R. 19, 38–61.) On January 29, 2025, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date through the date last insured. (R. 19–30.) The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

The ALJ found that, through the date last insured, Plaintiff had severe impairments including degenerative disc disease of the lumbar spine status post fusion, migraines, irritable bowel syndrome, depression, and anxiety. (R. 21.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work. Among other restrictions, the ALJ limited Plaintiff to standing and walking in combination for four hours in an eight-hour workday, imposed postural and environmental restrictions, and limited her to simple, routine tasks in two-hour blocks of time. (R. 24.) Relying on vocational-expert testimony, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. (R. 28–30.)

Plaintiff raised two principal challenges in this Court: that the ALJ failed to adequately evaluate her subjective symptoms in formulating the RFC and that the ALJ failed to properly consider whether she was disabled during a closed period preceding her March 2022 lumbar fusion. (DE 14; DE 18 at 6.) The Report rejected both challenges and concluded that the ALJ applied the correct legal standards and that the decision was supported by substantial evidence. (DE 18 at 6–13.)

## B. Legal Standard

The Court must review de novo only those portions of a magistrate judge's report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). A party who receives proper notice and fails to file timely, specific objections ordinarily forfeits appellate review of the substance of the recommendation. *See Nelson v. Bisignano*, No. 25-2073, 2026 WL 1533306, at *1 (4th Cir. June 1, 2026) (per curiam).

Judicial review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). The Court may not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The ALJ must, however, build an accurate and logical bridge from the evidence to the conclusion. See *id.* at 694.

## C. Discussion

Having reviewed the Report and the record under the applicable clear-error standard, the Court finds no clear error in the Magistrate Judge's recommendation. First, the Report addressed Plaintiff's challenge to the ALJ's evaluation of her

subjective symptoms and RFC. It concluded that the ALJ did not discount Plaintiff's allegations solely because they lacked objective support, but instead considered her statements together with the longitudinal medical record, including diagnostic findings, treatment history, reports to medical providers, response to treatment, and other evidence bearing on the intensity, persistence, and limiting effects of her symptoms. (DE 18 at 6–11; *see* R. 24–28.) The Court finds no clear error in that conclusion.

The Court does not read the Report as treating Plaintiff's decision to defer lumbar surgery or her performance of household and other daily activities, standing alone, as dispositive of the symptom analysis. Rather, the Report considered those circumstances as part of the ALJ's evaluation of the record as a whole.

Second, the Report expressly considered Plaintiff's argument that the ALJ failed to evaluate whether she was disabled during a closed period preceding her March 2022 surgery. (DE 18 at 11–12.) The Report noted that the ALJ considered evidence predating the surgery, including the August 2019 lumbar imaging and Plaintiff's treatment history, and expressly found Plaintiff not disabled at any time from the alleged onset date through her date last insured of June 30, 2022. (*Id.*; R. 25, 29–30.) Plaintiff argued a different view of the evidence, but the Court may not reweigh the record or substitute its judgment for the Commissioner's. Under the review required in the absence of objections, the Court finds no clear error in the Report's disposition of this argument.

Accordingly, the Court finds no clear error warranting rejection or modification of the Magistrate Judge's recommendation.

## D. Conclusion

For these reasons, the Court **ADOPTS** the Report and Recommendation (DE 18), as supplemented by this Order, and **AFFIRMS** the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and close this case.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 26, 2026